IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES ANTONIO McAFEE,

            CASE NO. 2:16-CV-00569
 Petitioner,       CRIM. NO. 2:01-CR-00190
            JUDGE GEORGE C. SMITH
 v.            Magistrate Judge Elizabeth P. Deavers

UNITED STATES OF AMERICA,

 Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a *Second Motion to Vacate under 28 U.S.C. § 2255 pursuant to Johnson v. United States* and *First Motion re Second Motion to Vacate under 28 U.S.C. § 2255 pursuant to Johnson v. United States in Abeyance.* (ECF Nos. 52, 53.)  This matter is before the Court pursuant to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** and that Petitioner's motion to hold proceedings in abeyance (ECF No. 53) be **DENIED.**

Petitioner seeks to hold the case in abeyance pending a ruling from the United States Court of Appeals for the Sixth Circuit on his application for the filing of a successive § 2255 petition.  However, this Court is not persuaded that this action constitutes a successive § 2255 action, as the record indicates that Petitioner's prior § 2255 motion was withdrawn pursuant to his request.  *Order* (ECF No. 44.)  Petitioner's *First Motion re Second Motion to Vacate under 28 U.S.C. § 2255 pursuant to Johnson v. United States in Abeyance* (ECF No. 53) therefore should be **DENIED.**

On April 9, 2002, Petitioner pleaded guilty to charges of interference with interstate commerce by means of robbery, pursuant to 18 U.S.C. § 1951 and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (2).  (ECF No. 8.)  On February 4, 2003, the Court imposed a sentence of 270 months imprisonment.  (ECF No. 34.)  Petitioner did not file an appeal.  On January 7, 2004, the Court denied the government's motion for reduction of Petitioner's sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.  (ECF No. 38.)

On January 14, 2004, Petitioner filed his first *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 39.)  On March 6, 2004, however, the motion was withdrawn from the record pursuant to Petitioner's request.  (ECF No. 44.)  On May 5, 2004, the United States Court of Appeals for the Sixth Circuit denied Petitioner's application for a certificate of appealability.  (ECF No. 48.)

On June 21, 2016, Petitioner, through counsel, filed the instant *Motion to Vacate under 28 U.S.C. § 2255 pursuant to Johnson v. United States*.  (ECF No. 105.)  Petitioner asserts that his conviction on carrying a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) are constitutionally invalid under *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015), because § 924(c)'s residual clause is unconstitutionally vague, and that the Hobbs Act predicate crimes for his § 924(c) conviction categorically fails to qualify as a "crime of violence" under the "force" clause of § 924(c).

In *Johnson v. United States*, 135 S. Ct. at 2551, the United States Supreme Court declared the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA"), to be unconstitutionally vague. Under the ACCA, a criminal defendant who possesses a firearm after three or more convictions for a "serious drug offense" or a "violent

2

felony" is subject to a minimum sentence of 15 years and a maximum term of life in prison. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or  otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2) (emphasis added). The italicized portion referred to above in subsection (ii) is known as the "residual clause." *See Welch v. United States,* -- U.S. --, --, 136 S. Ct. 1257, 1261 (2016) (holding that *Johnson* applies retroactively to cases on collateral review) (citing *Johnson,* 135 S. Ct. at 2555–2556). It is this section of the statute that the Supreme Court in *Johnson* declared to be unconstitutionally vague.

> In the *Johnson* Court's view, the "indeterminacy of the wide-ranging inquiry" made the residual clause more unpredictable and arbitrary in its application than the Constitution allows. *Id.*, at ––––, 135 S. Ct., at 2557. "Invoking so shapeless a provision to condemn someone to prison for 15 years to life," the Court held, "does not comport with the Constitution's guarantee of due process." *Id.*, at ––––, 135 S. Ct., at 2560.

*Welch,* 136 S. Ct. at 1262.

18 U.S.C. § 924(c)(1)(A) provides for an enhanced punishment for any person who uses, carries, or possesses a firearm, "during and in relation to" or "in furtherance of" any crime of violence or drug trafficking crime. The statute defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

3

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Section 924(c)(3)(A) is referred to as the 'force clause' of the statute, while section 924(c)(3)(B) is referred to as the 'residual clause.'" *United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *2 (E.D. Mich. Dec. 18, 2015) (footnote omitted). Based on the Supreme Court's reasoning in *Johnson,* Petitioner argues that the § 924(c)'s "residual clause" likewise is unconstitutionally vague, and his conviction on carrying a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) is therefore constitutionally invalid.

However, the United States Court of Appeals for the Sixth Circuit has rejected this argument. *United States v. Taylor*, 814 F.3d 340, 375 (6th Cir. 2016)). This Court is bound by that decision.[1]

Petitioner also claims that the predicate offense for his § 924(c) convictions, *i.e.*, his commission of a Hobbs Act robbery, in violation of 18 U.S.C. § 1951,[2] categorically does not

---

[1] Petitioner acknowledges that the Sixth Circuit rejected this argument in *Taylor*, but indicates that he wishes to preserve the issue, in the event that the *en banc* Court or Supreme Court rules otherwise. (ECF No. 59, PageID# 199.)

[2] 18 U.S.C. § 1951 provides in relevant part:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
>
> (b) As used in this section--
>
> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or

require violent conduct, or the use, attempted use, or threatened use of "violent force."  For example, Petitioner argues that the statute may be violated by extortion, or threats of violence to the property of another, which fall short of the physical force required to prove a crime of violence.

Preliminarily, this claim does not appear to raise an issue under *Johnson*, which involves the residual clause of the ACCA.  Instead, Petitioner argues that his Hobbs Act conviction does not qualify as a "crime of violence" under 18 U.S.C. § 924(c) by application of the "categorical approach" required by *Descamps v. United States*, -- U.S. --, 133 S. Ct. 2276 (2013), and *Taylor v. United States*, 495 U.S. 575 (1990), and as defined in *Johnson v. United States,* 559 U.S. 133, 140 (2010).  Such a claim is untimely.  28 U.S.C. § 2255(f) (providing for a one-year statute of limitations in the filing of § 2255 motions); *see United States v. Jefferson*, No. 3:05-cr-135, 2016 WL 3523849, at *2 (S.D. Ohio June 28, 2016) (reaching same conclusion).  Nothing prevented Petitioner from raising such issue long before the Supreme Court's decision in *Johnson,* 135 S. Ct. at 2551.

Moreover,

---

property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

(2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

(3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

> [t]he Hobbs Act criminalizes robbery that "in any way or degree obstructs delays, or affects commerce or the movement of any article or commodity in commerce ..." 18 U.S.C. § 1951(a). The statute defines "robbery" as:
>
>> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, **by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property**, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

*Id*. at § 1951(b)(1) (emphasis added). Numerous cases decided by the Supreme Court, the Sixth Circuit Court of Appeals, and other Circuit Courts of Appeals do not question that a Hobbs Act robbery may constitute the predicate offense for a conviction under 18 U.S.C. § 924(c). *See United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *5 (E.D. Mich. Dec. 18, 2015 (citing *Alleyne v. United States*, 133 S. Ct. 2151, 2155–56 (2013); *United States v. Maddox*, 803 F.3d 1215, 1217 (11th Cir. 2015); *United States v. McBride*, No. 14–1851, 2015 U. S. App. LEXIS 14885, at *1, 2015 WL 5004909 (3rd Cir. Aug. 24, 2015); *United States v. Richardson*, 793 F.3d 612, 617 (6th Cir. 2015); *United States v. Adams*, 789 F.3d 713, 713 (7th Cir. 2015); *see also United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993) (noting that Hobbs Act robbery "indisputably qualifies as a crime of violence."). Further,

> [t]he determination that Hobbs Act robbery constitutes a crime of violence under section 924(c)(3)(A) has been announced again and again by courts addressing this issue, even after the Supreme Court's decision in *Johnson. See, e.g., United States v. Bennett*, No. 3:15CR134, 2016 WL 354753, at *4 (E.D. Va. Jan. 27, 2016) (observing that "post-*Johnson*, numerous district courts – including this one – have held that robbery offenses qualify as crimes of violence under § 924(c)(3)(A)," and that the defendant "fails to cite any case holding otherwise in the Hobbs Act robbery context") (collecting cases); *United States v. Anglin*, No. 14-CR-3, 2015 WL 6828070, at *6 (E.D. Wis. Nov. 6, 2015) ("Since *Johnson* issued,

6

> several courts have found that Hobbs Act crimes qualify as crimes of violence under the force clause, which was unaffected by *Johnson*."); *United States v. Redmond*, No. 3:14-CR-00226-MOC, 2015 WL 5999317, at *4 (W.D.N.C. Oct. 13, 2015) (holding that Hobbs Act robbery indictment alleging that the defendant employed "means of actual and threatened force, violence, and fear of immediate and future injury" "specifically alleges a crime of violence as defined under § 924(c)(3)(A)"); *United States v. Standberry,* No. 3:15CR102-HEH, 2015 WL 5920008, at *5 (E.D. Va. Oct. 9, 2015) ("Hobbs Act robbery contains as one of its elements the actual, attempted, or threatened use of physical force against the person or property of another, thereby constituting a crime of violence under § 924(c)(3)(A).") (collecting cases); *see also Gov't Opp.* at 5–6 (collecting cases).

*United States v. McCallister*, No. 15-0171 (ABJ), 2016 WL 3072237, at *7 (D.D.C. May 31, 2016) (footnote omitted) ("[T]he Court cannot imagine a scenario in which Hobbs Act robbery. . . could be accomplished without the threat or use of physical force against a person or property."); *see also United States v. McDaniels*, 147 F. Supp. 3d 427 (E.D. Va. 2015) (concluding that Hobbs Act robbery is categorically a crime of violence pursuant to the Force Clause of § 924(c)(3), and that, "even if it were necessary to reach the question—and it is not—the Residual Clause of § 924(c)(3)(B) would likely not fail as unconstitutionally vague as it is distinguishable from the ACCA Residual Clause at issue in *Johnson*.")

This Court agrees with the reasoning of those courts.

### Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** and that Petitioner's motion to hold proceedings in abeyance (ECF No. 53) be **DENIED.**

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge

Date:  August 8, 2016