IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES ANTONIO McAFEE,

        Petitioner,               CASE NO. 2:16-CV-00569
                                            CRIM. NO. 2:01-CR-190

        v.                                   JUDGE GEORGE C. SMITH
                                            MAGISTRATE JUDGE DEAVERS

UNITED STATES OF AMERICA,

        Respondent.

**OPINION AND ORDER**

On August 8, 2016, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings recommending that this action be dismissed and that Petitioner's motion to hold proceedings in abeyance (ECF No. 53) be denied. (ECF No. 54).  Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 55).  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons that follow, Petitioner's *Objection* (ECF No. 55) is **OVERRULED.**  The *Report and Recommendation* (ECF No. 54) is **ADOPTED** and **AFFIRMED.**  This motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 52) is **DISMISSED**.  Petitioner's motion to hold proceedings in abeyance (ECF No. 53) is **DENIED**.

Petitioner recognizes that the United States Court of Appeals for the Sixth Circuit in *United States v. Taylor*, 814 F.3d 340, 375 (6th Cir. 2016), rejected his argument that the residual clause of 18 U.S.C. § 924(c) is constitutionally invalid based on the reasoning of the United States Supreme Court in *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015) (declaring the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act

("ACCA") to be unconstitutionally vague). Petitioner nonetheless argues that *Taylor* was wrongly decided because it employed a modified categorical approach, instead of a categorical approach, which analysis has since been rejected by the Supreme Court in *Mathis v. United States*, 579 U.S. --, 136 S.Ct. 2243 (2016). Petitioner also objects to the Magistrate Judge's conclusion that the predicate crime for his convictions under § 924(c), *i.e.*, a Hobbs Act robbery, in violation of 18 U.S.C. § 1951,[1] constitutes a crime of violence within the meaning of 18 U.S.C. § 924(c)(3)(A). He argues that it does not, because it can be accomplished through acts

---

[1] 18 U.S.C. § 1951 provides:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
>
> (b) As used in this section—
>
> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.
>
> (2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.
>
> (3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

2

that do not require the use, attempted use, or threatened use of violent force, for example, through extortion or threats of violence to the property of another. Petitioner objects to the Magistrate Judge's finding that this latter claim is barred by the one-year statute of limitations provided for in 28 U.S.C. § 2255(f). According to Petitioner, his claim is timely in view of the United States Supreme Court's June 23, 2016, decision in *Mathis*.

Petitioner's arguments are not well taken.

The Armed Career Criminal Act ("ACCA"), imposes a 15–year mandatory minimum sentence, *inter alia*, on certain federal defendants who have three prior convictions for a "violent felony," including "burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B)(ii). "To determine whether a past conviction is for one of those offenses, courts compare the elements of the crime of conviction with the elements of the 'generic' version of the listed offense—*i.e.*, the offense as commonly understood." *Mathis,* 136 S.Ct. at 2247. In so doing, courts apply the "categorical approach," focusing solely on the elements of the crime of conviction and ignoring the particular facts of the case. *Id.* at 2248 (citing *Taylor v. United States*, 495 U.S. 575, 600-601 (1990)). However, where a statute lists elements in the alternative, defining multiple crimes, courts apply a "modified categorical approach," and may look "to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of" in order to determine whether a defendant's prior conviction qualifies as an ACCA predicate offense. *Id.* at 2249 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005); *Taylor*, 495 U.S., at 602). A prior crime qualifies as an ACCA predicate only if its elements are the same as, or narrower than, those of the generic offense. *Id.* at 2247.

In *Mathis*, referred to by the Petitioner, the Supreme Court considered an Iowa burglary statute that enumerated various factual means by which a defendant could commit a single

3

element of the offense. *Id.* at 2249.[2] Significantly, the elements of the statute "cover[ed] a greater swath of conduct than the elements of the relevant ACCA offense," or generic burglary offense. *Id.* at 2251 (citation omitted). The Supreme Court held that the district court erred in applying a modified categorical approach to determine that Mathis' prior burglary convictions qualified as ACCA predicate offenses, stating that, where the elements of a state statute are broader than those of a listed generic offense, the crime cannot qualify as an ACCA predicate regardless of the particular facts of the case. *Id.* Under these circumstances, therefore "even if [the defendant's] conduct fits within the generic offense, the mismatch of elements saves the defendant from an ACCA sentence. . . . The itemized construction gives a sentencing court no special warrant to explore the facts of an offense, rather than to determine the crime's elements and compare them with the generic definition." *Id.*

Plainly, such are not the circumstances here. This case does not involve application of the ACCA or determination of whether Petitioner's prior convictions qualify as predicate offenses for his status as a career offender. Petitioner challenges the validity of his April 9, 2002, convictions made pursuant to his guilty plea on interference with interstate commerce by means of robbery, in violation of 18 U.S.C. § 1951, and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (2). (ECF No. 8). In *Johnson*, the Supreme Court expressly noted, "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S. Ct. at 2563.

---

[2] For example, such would be the case where a statute "requires use of a 'deadly weapon' as an element of a crime and further provides that the use of a 'knife, gun, bat, or similar weapon' would all qualify." *Mathis*, 136 S.Ct. at 2249 (citations omitted).

4

Moreover, this Court does not agree that *Mathis* repudiates use of the modified categorical approach or calls into doubt the Sixth Circuit's decision in *Taylor,* 495 U.S. at 600 (holding that *Johnson* does not invalidate the residual clause § of 18 U.S.C. 924(c)). *See United States v. Justice*, No. 1:09-cr-180, 2016 WL 4194376, at *3-4 (S.D. Ohio Aug. 9, 2016) (stating that *Mathis* "contains no repudiation of the modified categorical approach, but rather a continued endorsement.") The Sixth Circuit has continued to use the modified-categorical approach since the decision in *Mathis*. *See id*. at *4 (citing *United States v. Rafidi*, No. 15-4095, -- F.3d --, 2016 WL 3670273, (6th Cir. July 11, 2016). Further,

> *Taylor* was a direct appeal from convictions and a death sentence for carjacking resulting in death, kidnapping resulting in death, and using a firearm to commit murder while committing carjacking and kidnapping. 814 F.3d at 345. Taylor had argued that *Johnson 2015* compelled finding that § 924(c)(3)(B) was unconstitutionally vague. *Id*. at 375. The *Taylor* court noted that carjacking and kidnapping had been found to be "crimes of violence" under § 924(c)(3)(B), the residual clause of 924(c)(3), not the elements clause, which is § 924(c)(3)(A). *Id*. at 376.

*United States v. Justice*, 2016 WL 4194376, at *3. In *Taylor,* the Sixth Circuit distinguished the ACCA's residual clause from that of 18 U.S.C. § 924(c)(3)(B), at issue in these proceedings:

> First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force rather than physical injury. Second, the ACCA residual clause is linked to a confusing set of examples that plagued the Supreme Court in coming up with a coherent way to apply the clause, whereas there is no such weakness in § 924(c)(3)(B). Third, the Supreme Court reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the clause, whereas no such history has occurred with respect to § 924(c)(3)(B). Finally, the Supreme Court was clear in limiting its holding to the particular set of circumstances applying to the ACCA residual clause, and only some of those circumstances apply to § 924(c)(3)(B).

5

*Taylor*, 814 F.3d at 378.  Contrary to Petitioner's argument here, *Taylor* did not apply the modified categorical approach. *See United States v. Justice*, 2016 WL 4194376, at *3 (reaching same conclusion).

Additionally, as noted by the Magistrate Judge, "in numerous cases decided by the Supreme Court, the Sixth Circuit Court of Appeals, and several other Circuit Courts of Appeals, the fact that Hobbs Act robbery served as the predicate offense for convictions under 18 U.S.C. § 924(c)" has not been questioned. *See id*. at *5 (citing *Alleyne v. United States,* 133 S.Ct. 2151, 2155–56 (2013); *United States v. Maddox*, 803 F.3d 1215, 1217 (11th Cir. 2015); *United States v. McBride*, No. 14–1851, 2015 U.S. App. LEXIS 14885, at *1, 2015 WL 5004909 (3rd Cir. Aug. 24, 2015); *United States v. Richardson*, 793 F.3d 612, 617 (6th Cir.2015); *United States v. Adams*, 789 F.3d 713, 713 (7th Cir. 2015); *see also United States v. Mendez,* 992 F.2d 1488, 1491 (9th Cir. 1993) (noting that Hobbs Act robbery "indisputably qualifies as a crime of violence.").

Finally, this Court agrees that nothing prevented Petitioner from raising his claim that the Hobbs Act categorically does not constitute a crime of violence under § 924(c)(3)(A) long before the Supreme Court's decisions in *Johnson* and *Mathis*. *See United States v. Justice,* 2016 WL 4194376, at *2 ("This argument assumes the principles or precedents involved are timeless. They are not."). Such claim does not involve application of the residual clause at issue in *Johnson* or use of the modified categorical approach under the circumstances present in *Mathis*. In any event, Petitioner does not refer to, and this Court is not aware of any cases holding that *Mathis* is to be applied retroactively to cases on collateral review. Other courts have concluded to the contrary. *See, e.g., Dawkins v. United States*, No. 16-2683, -- F.3d --, 2016 WL 3854238, at *2

(7th Cir. July 15, 2016); *King v. United States*, No. 16-22261-CIV-LENARD/WHITE, 2016 WL 4487785, at *9 (S.D. Fla. Aug. 24, 2016).

    For all of these reasons and for the reasons detailed by the Magistrate Judge, Petitioner's *Objection* (ECF No. 55) is **OVERRULED.**  The *Report and Recommendation* (ECF No. 54) is **ADOPTED** and **AFFIRMED.**  The motion to vacate under 28 U.S.C. § 2255 (ECF No. 52) is **DISMISSED**.  Petitioner's motion to hold proceedings in abeyance (ECF No. 53) is **DENIED.**

    **IT IS SO ORDERED**.

    *s/ George C. Smith*
    **GEORGE C. SMITH, JUDGE**
    **UNITED STATES DISTRICT COURT**