# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JAMES ANTONIO McAFEE,**

        **Petitioner,**

        **v.**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**CASE NO. 2:01-CR-00190**
**CRIM. NO. 2:16-CV-00569**
**JUDGE GEORGE C. SMITH**
**Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

On September 12, 2016, the Court dismissed the instant *Motion to Vacate under 28 U.S.C. § 2255*, denying Petitioner's motion to hold proceedings in abeyance. (ECF No. 56). This matter is before the Court on Petitioner's *Notice of Appeal and Motion for Certificate of Appealability*. (ECF No. 57). For the reasons that follow, Petitioner's *Motion for Certificate of Appealability* (ECF No. 57) is **DENIED.**

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n.4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

Petitioner challenges his conviction pursuant to his guilty plea on carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), in view of the Supreme Court's decision in *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015) (declaring the "residual clause" of the Armed Career Criminal Act to be unconstitutionally vague). He maintains that the Hobbs Act predicate crimes for his § 924(c) conviction categorically fails to qualify as a "crime of violence" under the "force" clause of § 924(c). This Court dismissed Petitioner's claim that his conviction under § 924(c) is constitutionally invalid in view of the decision of the United States Court of Appeals in *United States v. Taylor,* 814 F.3d 340, 375 (6th Cir. 2016) (rejecting argument that the residual clause of § 924(c) is unconstitutionally vague based on the reasoning in *Johnson*). The Court rejected Petitioner's claim regarding his Hobbs Act conviction both on the merits and as barred by the one-year statute of limitations under 28 U.S.C. § 2255(f). The Court denied Petitioner's motion for a stay

2

pending a ruling from the United States Court of Appeals for the Sixth Circuit on his application for the filing of a successive § 2255 petition, because the record indicates that Petitioner's prior § 2255 motion was withdrawn pursuant to his request. *Order* (ECF No. 44).

This Court is not persuaded that reasonable jurists would debate whether the Court correctly dismissed Petitioner's request to hold proceedings in abeyance by concluding that this action does not constitute a successive motion in view of Petitioner's withdrawal of his prior § 2255 motion, or that reasonable jurists would debate whether the Court correctly dismissed Petitioner's claims as without merit or barred by the one-year statute of limitations. The Sixth Circuit in *Taylor* explicitly rejected Petitioner's claim that *Johnson* requires the invalidation of his § 924(c) conviction. Moreover, nothing prevented Petitioner from raising his claim that his Hobbs Act conviction does not qualify as a "crime of violence" by application of the "categorical approach" long before the Supreme Court's decision in *Johnson*. Additionally, as previously discussed is the Court's previous Order, numerous cases decided by the Supreme Court, the Sixth Circuit Court of appeals, and other Circuit Courts of Appeals do not question that a Hobbs Act robbery may constitute the predicate offense for a conviction under 18 U.S.C. § 924(c).

Therefore, Petitioner's *Motion for Certificate of Appealability* (ECF No. 57) is **DENIED.**

    **IT IS SO ORDERED.**

    *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**