**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,      :    Case No. 2:01-cr-190

    v.                       Judge Sarah D. Morrison

JAMES MCAFEE,
                              :
        Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion for Early Release. (ECF No. 63.) The Government argues that the Court lacks jurisdiction to decide the motion. (ECF No. 65.)

**I.    BACKGROUND**

On April 9, 2002, Defendant James McAfee pleaded guilty to a two-count indictment charging Hobbs Act robbery, in violation of 18 U.S.C. § 1951, along with a gun enhancement pursuant to 18 U.S.C. § 924(c). (ECF No. 26.) On February 4, 2003, Mr. McAfee was sentenced to 270 months in prison, consecutive sentences of 150 months on Count 1 and 120 months on Count 2. (ECF No. 34.)

Over seventeen years later, as he nears the end of his sentence Mr. McAfee seeks early release. (ECF No. 63.) He primarily seeks release because his mother is in poor health, she is scheduled for surgery in July, and he wishes to be there for her during her time of need. (*Id.*) He is also concerned about his mother's health under the circumstances of the current pandemic, as well as his own. (*Id.*)

Regardless of the reasons for release, the Government argues that Mr. McAfee's motion cannot be entertained due to the strictures of 18 U.S.C. § 3582. (ECF No. 65.)

## II. ANALYSIS

A court may "modify a term of imprisonment once it has been imposed" only under limited circumstances. 18 U.S.C. § 3582(c). One is where a defendant's guideline range has subsequently been lowered by the Sentencing Commission. *Id.* § 3582(c)(2). A second is where "expressly permitted by statute." *Id.* § 3582(c)(1)(B). A third is pursuant to Federal Rule of Criminal Procedure 35. *Id.* § 3582(c)(1)(B). Mr. McAfee has not invoked any of these three provisions, and none provides a basis to reduce his sentence based on the information presented to the Court.

Section 3582(c)(1)(A) also allows for compassionate release in appropriate circumstances. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). But requests for compassionate release may not freely be made. A defendant may only file a motion for compassionate release after having "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after receiving no response from the warden within thirty days, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

While this administrative exhaustion requirement is not jurisdictional, it is a mandatory claim-processing rule by which this Court must abide. *Alam*, 960 F.3d at 833. "If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must 'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison." *Id.* at 833–34 (alteration in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). There are no judge-made exceptions in the statute, and there is nothing to indicate that the Government has

waived or forfeited its right to raise the exhaustion requirement. *See id.* at 834. To the contrary, the Government has objected to Mr. McAfee's release due to his failure to take the necessary administrative steps.

Because Mr. McAfee has not satisfied the statute's administrative exhaustion requirement, this motion is **DENIED** without prejudice. He may renew his motion after his exhaustion of the administrative process or if the warden does not act on his request for release within thirty days. *See id.* at 836.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE